# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTICT OF VIRGINIA

**RENATO LUIS DA SILVA**      :
*11326 Connecticut Ave*       :
Kensington, MD 20895-1303,    :
                :

**PAULO FERRARI JR.**       :
*5016 Marlon Rd*         :
Rockville, MD 20852,       :
                :

**FERNANDA GARCIA**      :
*5270 Duke St APT 314*      :
Alexandria, VA 22312,      :
                :

**RAFAEL MACHADO DE CAMARGO** :
*1002 Robroy Drive*        :
Silver Spring, MD 20903,     :
                :

**ANDRES MARTINEZ**       :
*4211 Ridge Top Rd*        :
Fairfax, VA 22030,        :
                :

**JULIANA MAYER**        :  Case No:
*1202 Ednor Rd*         :
Silver Spring, MD 20902,     :
                :

**RAUL E. NOVILLO MONTES**    :
*7814 Sutter Lane*         :
Annandale, VA 22203,      :
                :

**LUIS ROCHA**         :
*14549 Malbeth*         :
Silver Spring, MD 20125,     :
                :

and             :
                :

**CRISTIAN CAMILIO PAMPLONA CIRO** :
*18629 Calypsol Pl*        :
Gaithersburg, MD 20879,     :
                :

    Plantiffs,       :
        v.     :
                :

**UNIQUE ON THE GO CORP.,**    :
*613-617 Summer St*        :

Lynn, MA 01905,                                 :
                                                :
SERVE: Registered Agents Inc.                   :
        8401 Mayland Dr Ste S                   :
        Henrico, VA 23294-4684                  :
                                                :
**THE HERTZ CORPORATION**                       :
*8501 William Rd*                               :
Estero, FL 33928,                               :
                                                :
SERVE: CT CORPORATION SYSTEM                    :
        4701 Cox Rd Ste 285                     :
        Glen Allen, Allen, VA 23060-6808        :
                                                :
**DOLLAR CAR RENTAL**                           :
12 W 45310 E 31st St.                           :
Tulsa, OK 74135,                                :
                                                :
SERVE: CT CORPORATION SYSTEM                    :
        4701 Cox Rd Ste 285                     :
        Glen Allen, Allen, VA 23060-6808        :
                                                :
and                                             :
                                                :
**SIXT RENT A CAR, LLC**                        :
*1501 NW 49th Street, Suite 100*                :
Ft Lauderdale, FL 33309                         :
                                                :
SERVE: Corporate Creations Network Inc.         :
        425 W Washington St Ste 4               :
        Suffolk, VA 23434-5320                  :
                                                :
        Defendants.                             :
_____

## COLLECTIVE AND CLASS ACTION COMPLAINT FOR UNPAID OVERTIME AND UNPAID MINIMUM WAGE

COME NOW Plaintiffs, RENATO LUIS DA SILVA, PAULO FERRARI JR.,

FERNANDA GARCIA, RAFAEL MACHADO DE CAMARGO, ANDRES MARTINEZ,

JULIANA MAYER, RAUL E. NOVILLO MONTES, LUIS ROCHA, and CRISTIAN

CAMILIO (collectively, "Plaintiffs"), and on behalf of themselves and the collective and class

action action plaintiffs ("Collective Action Plaintiffs" or "Class Plaintiffs") and hereby assert claims against Defendants UNIQUE ON THE GO CORP. (herein referred to as "UNIQUE"), HERTZ CORPORATION (herein referred to as "HERTZ") , DOLLAR CAR RENTAL (herein referred to as "DOLLAR"), and SIXT RENT A CAR, LLC (herein referred to as "SIXT") (collectively, "Defendants") for unpaid overtime and minimum wage violations under federal and state laws, and seek damages, attorney's fees and costs, and such other relief as the Court deems just and proper.

1.      Plaintiffs bring this action to recover back wages owed by Defendants, which Defendants failed to pay in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201 *et seq*., the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 (VWPA"), the Virginia Misclassification of Workers Law, Va. Code Ann. § 40.1-28.7:7 ("VMWL"), the D.C. Minimum Wage Revision Act, D.C. Code § 32-1001 ("DCMWRA"), the D.C. Wage Payment and Wage Collection Law, D.C. Code §§ 32-1301 *et seq*., the D.C. Workplace Fraud Act, D.C. Code §§ 32-1331.01 through 32-1331.15,

2.      Additionally, Plaintiffs assert individual state claims for Defendants' failure to pay lawfully owed wages under the laws of the Commonwealth of Virginia, the District of Columbia, and the State of Maryland. Plaintiffs seek damages, attorney's fees, costs, and any other relief the Court deems just and proper.

## **INTRODUCTION**

3.      At the center of this case is Defendant Unique, a labor subcontractor. General contractors like Defendants Hertz, Dollar, and Sixt (collectively "Car Rental Defendants") regularly contract with Unique to manage car detailing services in their facilities across the nation.

4.     The Plaintiffs have been employed by Defendant Unique since 2022, with some beginning and ending their employment on different dates between 2022 and the present.

5.     Defendant Unique routinely and consistently required the Plaintiffs to work over forty (40) hours per week.

6.     All Plaintiffs bring claims under the FLSA; however, Plaintiffs also brings claims under the applicable state laws of the jurisdictions where they performed labor.

7.     The Plaintiffs have worked on an hourly basis at various locations across the East Coast, including the Commonwealth of Virginia, the State of Maryland, and the District of Columbia.

8.     In all locations, Defendant Unique served as the labor contractor, while Defendants Hertz, Dollar, and Sixt acted as the general contractors as set forth in paragraph 1.

9.     Defendant Unique systemically violates federal and state laws to bolster its profits through its reliance on workers who are misclassified as independent contractors and denied overtime pay and other earned benefits.

10.    In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiffs and other similarly situated employees as independent contractors, Defendant Unique was motivated by the intent to avoid paying the minimum wage and overtime premium to Plaintiffs as required by FLSA and the state wage and hour laws as described herein.

11.    Defendant Unique failed to compensate the Plaintiffs for overtime work completed.

12.    The Defendants improperly designated the Plaintiffs as independent contractors but exercised a degree of control over them and their work such that they are clearly employees under any applicable legal standard. For example, the Defendants closely supervised the Plaintiffs' work, instructed them how to perform their work, terminated Unique workers, and

provided Plaintiffs with all supplies necessary for completion of their work in various locations. At all times Plaintiffs were economically dependent on the Defendants.

13.    Defendants shared, agreed to allocate responsibility for, and codetermined, formally and informally, directly and indirectly, the essential terms and conditions of the Plaintiffs' employment.

14.    Defendants combined influence over the essential terms of Plaintiffs' employment render the Plaintiffs employees as opposed to independent contractors.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the claims in this action under 29 U.S.C. § 216(b), which provides that employees may file suit under the FLSA in any federal district court of the United States where the defendant is subject to the court's jurisdiction.

16.    This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq*.; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a). This Court has supplemental jurisdiction over Plaintiffs' claims under the DCMWRA, and DCWPCL pursuant to 28 U.S.C. § 1367.

17.    This Court has personal jurisdiction over all Collective Action Plaintiffs. *See Waters v. Day & Zimmermann NPS, Inc*., 23 F.4th 84 (1st Cir. 2022) (holding that to apply personal jurisdiction constraints to FLSA collective action plaintiffs would frustrate Congress' intent to "enable all affected employees working for a single employer to bring suit in a single, collective action." *Id*. at 97.

18.    This Court has supplemental jurisdiction over the state law claims brought under the Virginia Wage Payment Act and the D.C. Wage Payment and Wage Collection Law pursuant to 28 U.S.C. § 1367. The state law claims are so related to the federal claim that they form part of

the same case or controversy, and judicial economy, fairness, and convenience warrant their

adjudication together in this Court.

19.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

part of the events giving rise to the claims occurred in Virginia, where the Plaintiffs were

employed by the Defendants at the time they were conducting business in this Commonwealth.

## PARTIES

20.     Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the

preceding paragraphs.

21.    The Plaintiffs are current or former non-exempt employees of labor subcontractor

Unique, who have earned, but did not receive their overtime wages at a rate of one and a half

times their regular hourly rate, as required by the FLSA, which mandates that overtime be paid at

a rate not less than one and a half times the regular rates for hours worked over forty (40) in a

workweek, pursuant to 29 U.S.C. § 207(a).

22.    Plaintiff RENATO LUIS DA SILVA is a current employee of Unique, having worked

from September 29, 2022, till the present. During his employment RENATO LUIS DA DILVA's

hourly rate of pay was $16.00 per hour in 2020, $17.00 per hour in 2023, and $18.00 per hour

beginning in or around 2024, and he worked about fifty-three (53) hours per week without

receiving overtime pay (time-and-a-half) for thirteen (13) of those hours. Throughout his

employment at UNIQUE, RENATO LUIS DA SILVA worked approximately two (2) months in

Washington D.C. The rest of his employment with UNIQUE has been in Virginia. RENATO

LUIS DA SILVA's damages, including liquidated damages under Va. Code Ann. § 40.1-29, are

$16,848.00. His damages, including liquidated damages under the applicable District of

Columbia wage and hour laws total $37,440.00.

23.     Plaintiff PAULO FERRARI JR. is a former employee of Unique, having worked from approximately January 1, 2024, to approximately June 30, 2024. During his employment PAULO FERRARI's rate of pay was $17.00 per hour, and he worked about fifty-five (55) hours a week without receiving overtime pay (time-and-a-half) for fifteen (15) of those hours. Throughout his employment at UNIQUE, PAULO FERRARI worked approximately one (1) month in Washington D.C., six (6) months in Virginia, and one (1) year in Maryland. PAULO FERRARI's damages, including liquidated damages under Va. Code Ann. § 40.1-29, total $9,945.00.

24.     Plaintiff FERNANDA GARCIA is a former employee of Unique, having worked from approximately October 17, 2022, till the present. During her employment FERNANDA GARCIA's rate of pay was $18.00 per hour, and she worked about forty-nine (49) hours a week without receiving overtime pay (time-and-a-half) for nine (9) of those hours. Throughout her employment at UNIQUE, FERNANDA GARCIA worked approximately one (1) month in Washington D.C. and has worked two years (2) in Virginia. It is important to note that this Plaintiff is still working for UNIQUE. FERNANDA GARCIA's damages, including liquidated damages under Va. Code Ann. § 40.1-29, total $24,067.00.

25.     Plaintiff RAFAEL MACHADO DE CAMARGO is a former employee of Unique, having worked from January 12, 2024, to May 23, 2024. During his employment RAFAEL MACHADO DE CAMARGO's rate of pay was $17.00 per hour, and he worked about fifty (50) hours a week without receiving overtime pay (time-and-a-half) for ten (10) of those hours. Throughout his employment at UNIQUE, RAFAEL MACHADO DE CAMARGO worked approximately five (5) months in Washington D.C., four (4) in Virginia, and two (2) months in Maryland. RAFAEL

MACHADO DE CAMARGO's damages, including liquidated damages under Va. Code Ann. § 40.1-29, are $3,060.00.

26.     Plaintiff ANDRES MARTINEZ is a former employee of Unique, having worked from approximately April 26, 2024, to approximately September 7, 2024. During his employment, ANDRES MARTINEZ's hourly rate was $17.00, and he worked about fifty (50) hours per week without receiving overtime pay (time-and-a-half). Throughout his employment at UNIQUE, ANDRES MARTINEZ only worked in Virginia. ANDRES MARTINEZ total damages including liquidated damages under Va. Code Ann. § 40.1-29 is $5,100.00.

27.     Plaintiff JULIANA MAYER is a former employee of Unique, having worked from approximately April 4, 2023, to approximately January 30, 2024. During her employment JULIANA MAYER's rate of pay was $18.00 per hour, and worked about fifty-six (56) hours a week without receiving overtime pay (time-and-a-half) for sixteen (16) of those hours. Throughout her employment at UNIQUE, JULIANA MAYER worked approximately one (1) month in Washington D.C., an unspecified amount of time in Virginia, an unspecified amount of time in Maryland. JULIANA MAYER damages including liquidated damages under Va. Code Ann. § 40.1-29 is $8,640.00.

28.     Plaintiff RAUL E. NOVILLO MONTES is a former employee of Unique, having worked from approximately April 20, 2023, to November 20, 2023. During his employment RAUL NOVILLO's rate of pay was $18.00 per hour, and he worked about sixty-four (64) hours a week without receiving overtime pay (time-and-a-half) for twenty-four (24) of those hours. Throughout his employment at UNIQUE, RAUL NOVILLO only worked in Virginia. RAUL NOVILLO's total damages including liquidated damages under Va. Code Ann. § 40.1-29 is $20,088.00.

29.    Plaintiff LUIS ROCHA is a former employee of Unique, having worked from approximately June 18, 2023, to approximately August 16, 2024. During his employment, LUIS ROCHA's hourly rate was $17.00, and he worked about eighty-six (86) hours per week without receiving overtime pay (time-and-a-half) forty-six (46) of those hours. Throughout his employment at UNIQUE, LUIS ROCHA worked approximately four (4) months in Washington D.C., six (6) months in Virginia, and two (2) months in Maryland. LUIS ROCHA's damages, including liquidated damages under Va. Code Ann. § 40.1-29, is $30,498.00.

30.    Plaintiff CRISTIAN PAMPLONA is a former employee of Unique, having worked from December 5, 2023, to April 23, 2024. During his employment CRISTAIN PAMPLONA's rate of pay was $17.00 per hour and worked approximately eighty (80) hours a week without receiving overtime pay (time-and-a-half) for forty (40) of those hours. CRISTIAN PAMPLONA only worked in Virginia during his employment. CRISTAIN PAMPLONA's total damages including liquidated damages is $20,400.00.

31.    Defendant UNIQUE is a corporation organized under the laws of the Commonwealth of Massachusetts and is authorized to transact business in Virginia. It maintains its principal office at 617 Summer St Lynn, MA, 01905 – 2011. At times material to this action Defendant Unique employed Plaintiffs in the Commonwealth of Virginia.

32.    Defendant HERTZ CORPORATION ("HERTZ") is a corporation authorized to transact business in Virginia. It maintains its principal office at 8501 Williams Rd, Estero, FL, 33928. At times material to this action Defendant Hertz employed Plaintiffs in the Commonwealth of Virginia.

33.    Defendant DOLLAR CAR RENTAL ("DOLLAR") is a subsidiary of HERTZ. Defendant DOLLAR has no information listed on the Virginia State Corporation Commission

website. Pursuant to § 13.1-637 of the Virginia Code, the Clerk of the State Corporation

Commission shall serve as the statutory agent for service of process on the corporation. At times

material to this action Defendant Dollar employed Plaintiffs in the Commonwealth of Virginia.

34.    Defendant SIXT RENT A CAR, LLC ("SIXT"), is a business authorized to transact

business in Virginia. Its principal office is located at 1501 NW 49TH ST Unit 100, Fort

Lauderdale, FL, 33309. At times material to this action Defendant Sixt employed Plaintiffs in the

Commonwealth of Virginia.

## FLSA COLLECTIVE ALLEGATIONS

35.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a

Collective Action on behalf of all persons who are or were employed by Unique to work for

Hertz, Dollar or Sixt in the car rental business during the period April 16, 2022, through April

16, 2025 in Virginia, the District of Columbia, Maryland, Pennsylvania, New Jersey, Delaware,

Massachusetts or New York.

36.    Plaintiffs and Collective Action Plaintiffs are "similarly situated" as that term is used in

29 U.S.C. § 216(b), because, among other things, all such individuals worked pursuant to

Defendants' above described pay policies and practices and, as a result of such policies and

practices, were not paid the full and legally mandated minimum and overtime wage.

37.    Resolution of this action requires inquiry into common facts, including, among other

things, Defendants' common compensation, timekeeping, and payroll practices.

38.    These similarly situated individuals are known to the Defendants, are readily identifiable,

and can be located through Defendants' payroll records which Defendants were required to

maintain pursuant to the FLSA, *see* 29 U.S.C. § 211(c); 29 C.F.R. § 215.2 *et seq.*

39.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) for the collective action certification is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

40.     There are many similarly situated current and former rental car workers who have not been paid proper wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Class Plaintiffs pursuant to the FLSA.

41.     Plaintiffs and Class Plaintiffs will endorse Consents to Join a collective action in this matter.

### FED. R. CIV. P. RULE 23 CLASS ALLEGATIONS

42.     Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons who are or were employed by Unique to work for Hertz, Dollar or Sixt in the car rental business during the period April 16, 2022, through April 16, 2025 in Virginia, the District of Columbia, Maryland, Pennsylvania, New Jersey, Delaware, Massachusetts or New York.

43.     These individuals are referred to herein as "Class Plaintiffs."

44.     The members of the class are so numerous that joinder of all class members is impracticable.

45.     Plaintiffs are Class Plaintiffs, and their claims are typical of the claims of other Class Plaintiffs.

46.    Plaintiffs will fairly and adequately represent the Class Plaintiffs and their interests, and they have retained competent and experienced counsel who will effectively represent the Class Plaintiffs' interests.

47.    The critical questions of law and facts are common to all Class Plaintiffs since this action concerns the legality of the Defendants' misclassification of workers as independent contractors and failure to pay overtime and minimum wage. The illegality of these policies and practices will be demonstrated by applying general legal principles to common evidence such as standardized policies and payroll/compensation practices.

48.    This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and court systems, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## **FACTUAL ALLEGATIONS AND LEGAL FRAMEWORK**

49.    Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the preceding paragraphs.

50.     Defendant UNIQUE contracted employees to produce services to Defendants Hertz, Sixt, and Dollar at various locations among the east coast including states mentioned in Paragraph 2.

51.     UNIQUE's actions, as described below, constitute violations of the FLSA, 29 U.S.C. § 201 *et seq*. Specifically, UNIQUE failed to compensate the Plaintiff's, for overtime hours worked in excess of forty (40) hours per week at a rate of time-and-a-half his regular hourly rate. As a result of UNIQUE's willful violations of the FLSA, the Plaintiffs are entitled to recover liquidated damages in an amount equal to double the amount of unpaid overtime wages owed to them, as well as any other damages available under the FLSA.

52.     Plaintiffs were paid no overtime.

53.     All Defendants classified the Plaintiffs as exempt employees within the meaning of the FLSA. The classification was improper as the Plaintiffs were non-exempt employees.

54.     At all times relevant to this action, Plaintiffs were employed by either Defendant Hertz, Dollar, or Sixt, or by Defendant Unique, and each of these Defendants exercised significant control over Plaintiffs' work duties, compensation, and working conditions, making them joint employers under the law.

55.     Furthermore, Defendant Unique's involvement in Plaintiffs' employment was primarily limited to the hiring, firing, and the setting of the overall schedule for Plaintiffs. However, once Plaintiffs were subcontracted to Defendants Hertz, Dollar, and Sixt and it was these Defendants who exercised direct control over Plaintiffs' day-to-day activities. Defendants Hertz, Dollar, and Sixt assigned specific tasks, directed the order and manner in which those tasks were performed, and monitored Plaintiffs' work hours. Defendants Hertz, Dollar, and Sixt provided direct supervision of Plaintiffs and were responsible for maintaining the daily operations on the ground.

56.    Most of the Plaintiffs were provided with uniforms bearing the Hertz Defendants' branding. For those who wore these uniforms, it reinforced their connection to the Hertz Defendants and signified that they were working under the Hertz Defendants' direction. In some instances, Plaintiffs who wore these uniforms presented themselves to the public as employees of the Hertz Defendants, further blurring the line between their formal employment with Defendant Unique and their day-to-day relationship with the Hertz Defendants.

57.    Under the Fourth Circuit's panel decision in *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 130 (4th Cir. 2017), Defendants Hertz, Sixt, and Dollar, along with Defendant Unique, constitute joint employers of the Plaintiffs for the services provided at their respective locations.

### A.  Defendants" Roles in The Car Rental Industry

58.     Unique operates as a service provider that helps businesses like Hertz, Sixt, and Dollar meet their operational needs by supplying skilled workers with a variety of essential services. Rather than directly hiring employees, these car rental companies rely on Unique to provide the workforce required for tasks such as vehicle maintenance, customer service, and other necessary functions.

59.    In this arrangement, the general contact companies manage the Unique employees while they are stationed at locations like Hertz, Sixt, and Dollar. These contact companies do more than just place workers; they oversee their day-to-day activities, dictating specific duties, assigning tasks, and controlling the workers' schedules, including when they are allowed to take breaks or lunch.

60.    Although the employees are technically contracted by Unique, the general contact companies have full oversight of their operations while they are at the rental locations. The rental companies rely on these workers to perform necessary tasks such as vehicle maintenance,

customer service, or other support functions, but it is the general contact companies that manage the employees on-site, ensuring that the work is completed according to their standards.

## B. Misclassification at the Defendants' Worksite

61.     Defendants Hertz, Sixt, and Dollar ultimately controlled the worksites where the Plaintiffs misclassified workers performed their services.

62.     Plaintiffs provided vehicle maintenance, customer service, inventory management, logistics and operations support, and administrative assistance at various locations on the East Coast, specifically in the states listed in Paragraph 2, on behalf of Defendant Unique and the general contractors Hertz, Sixt, and Dollar.

63.     Defendant Unique exercised control over employee work schedules and the manner in which Plaintiffs performed their duties at various locations for Hertz, Sixt, and Dollar. Managers from Unique, along with managers from Hertz, Sixt, and Dollar, provided instructions to individual Plaintiffs regarding the timing and manner in which their work should be performed, including vehicle maintenance, customer service, inventory management, logistics, operations support, and administrative assistance.

64.     The Plaintiffs' employment took place on premises controlled by Defendants Hertz, Sixt, and Dollar.

65.     The work of some of the Plaintiffs is repetitive, requiring little skill or training.

66.     The activities Plaintiffs performed are an integral part of the overall business operation of Defendants Hertz, Sixt, and Dollar.

67.     Defendants Hertz, Sixt, and Dollar were the 'joint employer(s)' of the Plaintiffs, along with Defendant Unique, who retained them to provide various services at their locations.

68.    The Plaintiffs regularly worked more than forty hours almost every week they worked during their employment at Unique beginning in or around 2022. None of the Plaintiffs received any premium pay for their hours worked over 40 in any work week.

69.    Defendant Unique paid the named Plaintiffs at individual hourly rates for their hours worked.

70.    Defendant Unique improperly designated the named Plaintiffs as independent contractors but exercised a degree of control over them and their work such that they are clearly employees under any applicable legal standard. For example, Defendant UNIQUE set the hours worked by the Plaintiffs, closely supervised their work, instructed them how to perform their work, and hired and fired the Plaintiffs. Plaintiffs were economically dependent on Defendant Unique.

## COUNT I. VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

71.    Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

72.    All Plaintiffs, including Class Plaintiffs, bring claims of violations of the FLSA.

73.    In accordance with the FLSA, Plaintiffs assert that the general contractors Hertz, Sixt, and Dollar, as well as Defendant Unique, are jointly and severally liable for the unpaid wages owed to Plaintiffs. Under these laws, all entities within the subcontracting chain, including Unique, and the general contractors are responsible for ensuring that wage obligations are met. By failing to enforce these obligations and ensuring proper overtime payment to the Plaintiffs, Defendants Hertz, Sixt, and Dollar have violated both federal and state wage laws. Their collective failure to fulfill these responsibilities directly resulted in Plaintiffs' non-payment for overtime wages that have been earned.

74.    All Plaintiffs were "employees" and Defendants were their "employer" under 29 U.S.C. § 203.

75.    The common practices of defendant Unique result in the unlawful denial of overtime pay at one and one-half (1½) times the regular rate of pay where the plaintiffs in various states across the east coast have worked more than forty (40) hours.

76.    Defendants misclassified Plaintiffs as independent contractors, when, in fact, they were employees as defined under the FLSA.

77.    As a result of this misclassification, Defendants failed to pay Plaintiffs the overtime wages they were entitled to under 29 U.S.C. § 207.

78.    Defendants' violations of the FLSA were repeated, knowing, willful, and intentional.

79.    The defendants' actions, constitute violations of the FLSA, 29 U.S.C. § 201 *et seq.* Specifically, the Defendants failed to compensate the Plaintiffs for wages that had already been earned. As a result of the Defendants' willful violations of the FLSA, the Plaintiffs are entitled to recover liquidated damages in an amount equal to double the number of unpaid wages owed to them, as well as any other damages available under the FLSA.

80.    WHEREFORE, Defendants are joint employers and are liable to Plaintiffs under the FLSA, 29 U.S.C. § 216(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT II. VIOLATIONS OF VIRGINIA WAGE LAWS

81.    Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the preceding paragraphs.

82.     The following Plaintiffs bring forward claims against the Defendants Unique, Hertz, Dollar, and Sixt for violating Virginia Wage Payment Act, Va. Code Ann. § 40.1-29; RENATO LUIS SA SILVA, PAULO FERRARI JR., FERNANDA GARCIA, RAFAEL MACHADO DE CAMARGO, ANDRES MARTINEZ's GARCIA, JULIANA MAYER, RAUL E. NOVILLO, LUIS ROCHA, and CRISTIAN CAMILLO PAMPLONA CIRO.

83.     The common practices of defendant Unique result in the unlawful denial of overtime pay at one and one-half (1½) times the regular rate of pay where the plaintiffs in Virginia have worked more than forty (40) hours.

84.     Defendant's actions constitute violations of the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29. Specifically, Defendant failed to pay Plaintiffs, the overtime wages due under Virginia law. Under the Virginia Wage Payment Act, Plaintiffs are entitled to recover liquidated damages in an amount equal to three (3) times the amount of unpaid overtime wages owed to him, as well as any other damages available under Virginia law.

85.     WHEREFORE, Plaintiffs, by incorporating and re-alleging all the facts and allegations set forth in the preceding paragraphs, respectfully request that this Court grant relief as follows: Plaintiffs seek a judgment against Defendants for violations of the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29, specifically for failing to pay Plaintiffs the overtime wages due under Virginia law. Plaintiffs are entitled to recover liquidated damages in an amount equal to three (3) times the amount of unpaid overtime wages owed to them, in addition to any other damages available under Virginia law for these violations. In addition, Plaintiffs request the Court award prejudgment and post-judgment interest, attorneys' fees, and any costs incurred in bringing this action, along with any other relief the Court deems just and proper.

## COUNT III. VIOLATIONS OF VIRGINIA MISSCLASSIFICATION LAWS

86.    Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the preceding paragraphs.

87.    The following Plaintiffs bring forward claims against the Defendants Unique, Hertz, Dollar, and Sixt for violating Virginia Misclassification of Workers Law, Va. Code Ann. § 40.1-28.7:7; RENATO LUIS SA SILVA, PAULO FERRARI JR., FERNANDA GARCIA, RAFAEL MACHADO DE CAMARGO, ANDRES MARTINEZ's GARCIA, JULIANA MAYER, RAUL E. NOVILLO, LUIS ROCHA, and CRISTIAN CAMILLO PAMPLONA CIRO.

88.    Under Va. Code Ann. § 40.1-28.7:7(A) an "individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification…. If the court finds that the employer has not properly classified the individual as an employee, the court may award the individual damages in the amount of any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action."

89.    Furthermore, Defendants misclassified the Plaintiffs by treating them as tax-exempt independent contractors instead of non-exempt W-2 employees, thereby denying them employment benefits, proper tax withholdings, and reimbursement for expenses that would have otherwise been covered by insurance.

90.    WHEREFORE, the Plaintiffs seek relief from the Court due to the Defendants' misclassification of them as tax-exempt independent contractors rather than non-exempt W-2 employees. As a result of this violation of Va. Code Ann. § 40.1-28.7:7(A), the Plaintiffs were

wrongfully denied essential employment benefits, proper tax withholdings, and reimbursement for expenses that would have otherwise been covered by insurance. The Plaintiffs request that the Court recognize this misclassification and award them appropriate damages, including unpaid wages, lost benefits, and any financial losses incurred due to the Defendants' failure to properly classify them. The Plaintiffs further request that the Court grant prejudgment and post-judgment interest, attorneys' fees, and any other relief deemed just and proper.

## COUNT IV. VIOLATIONS OF WASHINGTON D.C. WAGE LAWS

91.    Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the preceding paragraphs.

92.    The following Plaintiffs bring state claims against the Defendants for violating D.C. Official Code § 32-1003, RENATO LUIS DA SILVA, PAULO FERRARI JR., FERNANDA GARCIA, RAFAEL MACHADO DE CAMARGO, JULIANA MAYER, and LUIS ROCHA.

93.    Under D.C. Official Code § 32-1003, "no employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed."

94.    The common practices of defendant Unique result in the unlawful denial of overtime pay at one and one-half (1½) times the regular rate of pay where the plaintiffs in Washington D.C. have worked more than forty (40) hours.

95.    Defendants violated D.C. Official Code § 32-1003 when they failed to pay Plaintiffs their overtime wages as required under this statute.

96.    Additionally, under D.C. Official Code § 32-1331.09 (Subchapter II. Workplace Fraud), 'A person aggrieved by a violation of this subchapter, or any rule issued pursuant to this

subchapter, by an employer or entity may bring a civil action…' Therefore, Plaintiffs are entitled to monetary damages, including but not limited to liquidated damages, unpaid wages, benefits, and other compensation due under this statute.

97.    Furthermore under D.C. Official Code § 32-1303 any "subcontractor, including any intermediate subcontractor, and the general contractor shall be jointly and severally liable to the subcontractor's employees for the subcontractor's violations of this act, *the Living Wage Act*, and *the Sick and Safe Leave Act*." In this case Defendant Unique served as the intermediate subcontractor while the Car Rental Defendants served as general contractors. Therefore, the Car Rental Defendants are jointly and severally liable for the violations of the applicable wage and labor laws by Defendant Unique, including any unpaid wages or benefits owed to the Plaintiffs.

98.    WHEREFORE, Plaintiffs respectfully request that this Court find Defendant Unique, as the intermediate subcontractor, and the Car Rental Defendants, as the general contractors, are jointly and severally liable for the violations of the applicable wage and labor laws, including the failure to pay Plaintiffs their overtime wages in violation of D.C. Official Code § 32-1303, the Living Wage Act, and the Sick and Safe Leave Act. Plaintiffs further request that the Court award liquidated damages, as provided under D.C. Official Code § 32-1331.09(1), which entitles Plaintiffs to an amount equal to the wages, salary, employment benefits, or other compensation denied or lost, plus an additional equal amount in liquidated damages. Plaintiffs also request compensatory damages and an amount up to $500 for each violation of this subchapter or any rule issued pursuant to this subchapter, as allowed by D.C. Official Code § 32-1331.09(2). Plaintiffs respectfully request the Court to grant reasonable attorney's fees and costs incurred in bringing this action and award any other relief that the Court deems just and proper under the circumstances.

## COUNT V. VIOLATION OF D.C. MISCLASSIFICATION LAWS

99.     The following Plaintiffs bring state claims against the Defendants for violating Under

D.C. Office Code § 32–1331.04, and RENATO LUIS DA SILVA, PAULO FERRARI JR.,

FERNANDA GARCIA, RAFAEL MACHADO DE CAMARGO, JULIANA MAYER, and

LUIS ROCHA.

100.    Under D.C. Office Code § 32–1331.04 (b) (c) (Workplace fraud prohibited) the statute

clearly states "An employer-employee relationship shall be presumed to exist when work is

performed by an individual for remuneration paid by an employer… (2)(A) The individual who

performs the work is free from control and direction over the performance of services, subject

only to the right of the person or entity for whom services are provided to specify the desired

result;… (C) The work is outside of the usual course of business of the employer for whom the

work is performed.

101.    Plaintiffs allege that they received payment for performing labor, and Defendant Unique

directly compensated them for such work. This establishes the presumption that an employer-

employee relationship existed under D.C. Official Code § 32-1331.04(b), as the statute provides

that an employer-employee relationship is presumed when work is performed for remuneration

102.    Plaintiffs allege that the Defendants controlled how the Plaintiffs performed their work,

including setting their hours, providing detailed instructions on task execution, and using

company tools and resources. These actions indicate that the Plaintiffs were not free from control

and direction, which implies that they were employees, not independent contractors, under the

provisions of D.C. Official Code § 32-1331.04(b)(2)(A).

103.    Plaintiffs were performing work that was central to the employer's usual course of

business, including tasks such as car rental services and customer service. These activities are

core to the business operations of the Defendants. As such, Plaintiffs' work falls within the scope of the employer's usual business, supporting the conclusion that Plaintiffs were employees rather than independent contractors.

104.    As a direct result of Defendants' misclassification of Plaintiffs as independent contractors, Plaintiffs have suffered significant harm, including but not limited to the denial of overtime wages, health benefits, retirement contributions, and other employee-related benefits. Additionally, Plaintiffs have incurred higher tax burdens due to the failure of Defendants to withhold employment taxes, which they would have been entitled to as employees. Plaintiffs have also been deprived of essential legal protections available to employees, such as workers' compensation and unemployment insurance, leaving them financially vulnerable. The misclassification has caused financial distress and loss of compensation to which Plaintiffs were entitled, further exacerbating their economic hardship.

105.    WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief: Plaintiffs request the award of wages, overtime compensation, and employee benefits to which they are entitled under the D.C. Wage Payment and Collection Law, including liquidated damages in accordance with D.C. Official Code § 32-1331.09 for the denial of wages, including overtime. Additionally, Plaintiffs seek compensatory damages for the loss of benefits, including but not limited to health benefits, retirement contributions, and any other employee-related benefits that they would have received as employees. Plaintiffs request compensation for the taxes they would have paid as employees and any other monetary relief for the harm caused by Defendants' misclassification. Plaintiffs further seek an amount of up to $500 for each violation of the Workplace Fraud statute under D.C. Official Code § 32-1331.09. Finally, Plaintiffs respectfully request any other relief the Court deems just and proper.

## COUNT VI. VIOLATIONS OF D.C. MINIMUM WAGE LAWS

106.    Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the preceding paragraphs.

107.    The following Plaintiffs bring state claims against the Defendants for violating Under § 32–1003(Perm).; RENATO LUIS DA SILVA, PAULO FERRARI JR., RAFAEL MACHADO DE CAMARGO, and LUIS ROCHA.

108.    Throughout 2024, the Defendants have failed to pay the Plaintiffs the lawful minimum wage per Under § 32–1003(Perm)(b-1) which states "….an employee shall not be paid less than the District's minimum wage for each hour worked in the District when an employee performs at least 2 hours of work in the District, for the same employer, within one workweek." In 2024, the plaintiffs were paid fifty cents ($0.50) less than the mandated minimum wage of seventeen dollars and fifty cents ($17.50) per hour.

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. Award Plaintiffs all unpaid wages resulting from Defendants' failure to pay the lawful minimum wage of seventeen dollars and fifty cents ($17.50) per hour as required by D.C. Code § 32–1003 (Perm)(b-1), along with an award of liquidated damages equal to treble the back wages unlawfully withheld, in an amount to be proven at trial (*see Sivaraman v. Guizzetti*, 228 A. 3d. 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested.");

b. Declare that Defendants' conduct constitutes a violation of the D.C. Minimum Wage Act under D.C. Code § 32–1003 (Perm)(b-1).

c. Award Plaintiffs pre-judgment and post-judgment interest as provided by law.

## COUNT VII. VIOLATIONS OF MARYLAND WAGE LAWS

109.    Plaintiffs re-allege and incorporate by reference the facts and allegations set forth in the preceding paragraphs.

110.    The following Plaintiffs bring state claims against the for violating Maryland's Wage and Hour Law[1], ("MWHL") and Maryland's Wage Payment and Collection Law[2] (MWPCL); PAULO FERRARI, RAFAEL MACHADO DE CAMARGO, JULIANA MAYER, and LUIS ROCHA.

111.    As stated herein, the Defendants had control over the Plaintiffs, including but not limited to the authority to set work hours, provide detailed instructions on the execution of tasks, and require the use of company resources and tools. These actions demonstrate that the Plaintiffs were subject to the Defendants' control and supervision, thereby establishing an employer-employee relationship rather than an independent contractor relationship.

112.    The common practices of defendant Unique result in the unlawful denial of overtime pay at one and one-half (1½) times the regular rate of pay where the plaintiffs in Maryland have worked more than forty (40) hours.

113.    Under Md. Code, Lab. & Empl. § 3-420(a), employers "shall compute the wage for overtime under § 3-415 (MWHL) of this subtitle on the basis of each hour over 40 hours that an employee works during 1 workweek."

114.    Defendants have clearly violated this statute as they did not pay the Plaintiffs their overtime rates for working over 40 hours per workweek.

---

[1] Md. Code, Lab. & Empl. §§ 3-401 et seq**.** – The Maryland Wage and Hour Law (MWHL) establishes minimum wage, overtime, and related protections for employees in Maryland, ensuring they receive proper compensation for their work.
[2] Md. Code, Lab. & Empl. §§ 3-501 et seq. – The Maryland Wage Payment and Collection Law (MWPCL) governs the timing, method, and conditions of wage payments, including final pay upon termination, and provides employees with a cause of action to recover unpaid wages.

115.    Under Md. Code, Lab. & Empl. § 3-427, Plaintiffs may recover: (1) the difference between the wage paid to the employee and the wage required under this subtitle; (2) an additional amount equal to three times the total of unpaid wages as liquidated damages; and (3) counsel fees and other costs.

116.    Additionally, under Md. Code, Labor and Employment § 3-507.2, if an employer fails to pay an employee in accordance with § 3-502 or § 3-505 of this subtitle, and two weeks have elapsed from the date the employer was required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages.

117.    In this case, the Defendants failed to pay the Plaintiffs in accordance with the requirements of § 3-502 and § 3-505, as the Plaintiffs were not properly compensated for their overtime wages or their regular wages. As more than two weeks have passed since the wages were due, the Plaintiffs are entitled to bring an action under this provision to recover their unpaid wages, including any liquidated damages and counsel fees as provided under Md. Code, Labor and Employment § 3-507.2.

118.    Furthermore under Md. Code, Labor and Employment § 3-507.2 if a "court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."

119.    Per Maryland case law, the Court of Appeals held that "that both the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625 (Md. 2014).

120.    WHEREFORE, Plaintiffs respectfully request that this Court find that Defendants have violated Maryland's Wage and Hour Law (MWHL) and Maryland's Wage Payment and

Collection Law (MWPCL) as set forth in this Complaint. Plaintiffs seek an order compelling Defendants to pay all unpaid overtime wages for hours worked over 40 hours per workweek, in accordance with Md. Code, Labor and Employment § 3-420 and § 3-427. Plaintiffs further request that the Court award liquidated damages, equal to the difference between the wages paid and the wages required under the law, as well as reasonable counsel fees and costs, pursuant to Md. Code, Labor and Employment § 3-427. Additionally, Plaintiffs ask that the Court grant any other relief it deems just and proper under Maryland's Wage Payment and Collection Law, including, but not limited to, the award of up to three times the withheld wages, as authorized under Md. Code, Labor and Employment § 3-507.2, and any other appropriate remedies as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs and Class Plaintiffs seek judgment against Defendants as follows:

1.    That the Court certify the instant suit as an opt-in collective action under 29 U.S.C. § 216(b).

2.    That the Court certify the instant suit as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.    That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs.

4.    That the Court declare that the Plaintiffs are employees under the FLSA and applicable state wage laws, and that Defendants Unique, Hertz, Dollar, and Sixt are joint employers liable for Plaintiffs' unpaid wages.

5.    That the Court award Plaintiffs all unpaid overtime wages owed to them under the FLSA and applicable state wage laws, including a. Liquidated damages in an amount equal to the unpaid wages under the FLSA, as provided by 29 U.S.C. § 216(b). b. Liquidated damages as permitted under the applicable state laws, including but not limited to:

- Virginia Wage Payment Act (Va. Code Ann. § 40.1-29).

- Virginia Misclassification of Workers (Va. Code Ann. § 40.1-28.7:7).

- D.C. Minimum Wage Act (D.C. Code § 32–1003 (Perm)(b-1)).

- D.C. Wage Payment and Collection Law.

- Maryland Wage and Hour Law (MWHL) & Maryland Wage Payment and Collection Law (MWPCL)

6.    That the Court award Plaintiffs a penalty of up to $500 for each violation of the D.C. Minimum Wage Act and related statutes, as permitted by D.C. Official Code § 32-1331.09(2).

7.    That the Court issue an injunction prohibiting Defendants from further violating the FLSA and the applicable state wage laws by misclassifying employees and denying them the rightful overtime pay.

8.    That the Court award Plaintiffs damages for misclassification under applicable federal and state laws, including unpaid wages, lost benefits, reimbursement for financial losses incurred, and other compensation due as provided by law.

9.    That the Court award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

10. That the Court award Plaintiffs reasonable attorneys' fees and litigation costs incurred in bringing this action, as authorized by law.

11. That the Court grant such other and further relief as the Court may deem just and proper.

12. That the Court award Named Plaintiffs the total amount of $159,238.00 as the aggregate sum of damages, penalties, and other reliefs sought under this action.

Respectfully submitted,

_____/s/_____
Thomas F. Hennessy, Esq. (VSB: 32850)
The Hennessy Law Firm, PLLC
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
(703) 865-8836 Telephone
(703) 865-7633 Facsimile
thennessy@virginiawage.net
*Counsel for Plaintiffs*